UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF: | CIVIL ACTION |
| Exxon Mobil Corporation, AS OWNER OF THE BARGES *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237, and EB 238* PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | NO.: SECTION: " " JUDGE MAG. |

## COMPLAINT

The Complaint of Exxon Mobil Corporation, hereafter sometimes referred to as "Petitioner" or "Exxon," appearing through undersigned counsel, in a cause of exoneration from or limitation of liability, civil and maritime, within the purview of 46 U.S.C. § 30505, *et seq.* and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, with respect to which represents, on information and belief, as follows:

I.

At all material times, Exxon was and now is a corporation authorized to do and doing business in the State of Louisiana.

II.

At all material times, Exxon was the owner of the barges *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237* and *EB 238* (sometimes referred to collectively as "the barges"), which at all material times were located within the territorial jurisdiction of this Court.

III.

The aforementioned vessels were at all material times tight, staunch, strong, and in every respect seaworthy and fit for the service in which they were engaged.

IV.

By virtue of litigation entitled *"Delores Martin Individually and on Behalf of the Estate of Morris Martin, Anthony Martin, and Alisa Martin Simmons versus Exxon Mobil Corporation, Anco Insulations, Inc. et al,"* bearing Docket No. 38787, and pending before the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, Plaintiffs allege that they sustained damages as a result of the negligence of Port Allen Marine Services when Morris Martin was present aboard barges located in West Baton Rouge Parish that were owned and/or operated by Exxon in the 1970s and 1980s.

V.

Very recently, but in no event before August 13, 2012, Exxon received notice that Plaintiffs will seek to recover damages from Exxon as vessel owner as a result of Morris Martin's alleged exposure to asbestos and/or asbestos-containing products aboard barges in West Baton Rouge Parish that were owned and/or operated by Exxon in the 1970s and 1980s. The barges *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237* and *EB 238* were

the only barges owned and/or operated by Exxon in West Baton Rouge Parish in the 1970s and 1980s that could have potentially contained asbestos and/or asbestos-containing products. Nothing in this Complaint is an admission by Exxon that the barges *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237* and *EB 238* contained asbestos and/or asbestos-containing products, nor is anything in this Complaint an admission by Exxon that Morris Martin was exposed to asbestos and/or asbestos-containing products on any of said barges, and Exxon explicitly demands strict proof of the veracity of all such allegations.

VI.

Plaintiffs have alleged that Morris Martin was exposed to asbestos and/or asbestos-containing materials while aboard vessels afloat and upon the navigable waters of the United States and within the territorial limits of this Honorable Court.

VII.

Venue is proper in the United States District Court for the Middle District of Louisiana pursuant to Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims.

VIII.

Pursuant to Rule F(1) of the Supplemental Rules of Certain Admiralty and Maritime Claims, this action is hereby timely since it was commenced within six months after Exxon received notice no earlier than August 13, 2012 that Plaintiffs will seek to recover damages from Exxon due to Exxon's status of owner and/or operator of the barges *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237* and/or *EB 238*.

IX.

Petitioner specifically denies any and all liability for any claim for loss, damage and/or destruction occasioned by or resulting from the matters and happenings recited hereinabove, and avers that it has a valid defense to all such claims. Petitioner desires to contest its liability for all such claims and, therefore, show that it is entitled to exoneration from liability. Petitioner further shows that any and all loses, damage or destruction were done, occasioned, and incurred without fault on its part, and without its privity or knowledge. However, should this Honorable Court adjudge that Petitioner is at fault, then Petitioner claims the benefit of the Limitation of Liability provided for in 46 U.S.C. § 30505, *et seq*, and under various statutes supplementary thereto, and amendatory thereof, and all other applicable law and jurisprudence.

X.

The fair market value of the *EB 220* during the alleged exposure to asbestos and/or asbestos-containing products was $579,432

XI.

The fair market value of the *EB 222* during the alleged exposure to asbestos and/or asbestos-containing products was $579,432.

XII.

The fair market value of the *EB 224* during the alleged exposure to asbestos and/or asbestos-containing products was $579,432.

XIII.

The fair market value of the *EB 235* during the alleged exposure to asbestos and/or asbestos-containing products was $398,788

XIV.

The fair market value of the *EB 236* during the alleged exposure to asbestos and/or asbestos-containing products was $445,230.

XV.

The fair market value of the *EB 237* during the alleged exposure to asbestos and/or asbestos-containing products was $445,230.

XVI.

The fair market value of the *EB 238* during the alleged exposure to asbestos and/or asbestos-containing products was $428,740.

XVII.

The fair market value of the *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237* and *EB 238* during the alleged exposure to asbestos and/or asbestos-containing products was collectively $3,456,284.

XVIII.

Petitioner has filed contemporaneously herewith as security an *Ad Interim Stipulation* for Value authorized by Exxon Mobil Corporation, in the amount of $3,456,284, together with interest, at the applicable rate per annum, for the payment of Petitioner's interests and pending freight, if any, in the *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237* and *EB 238* at the termination of the voyages in question, or, if ordered

by this Court, will file in this proceeding a letter of credit or bond with approved surety in the usual form of said amount, with interest at the applicable rate per annum, and costs, from the date hereof. Petitioner specifically reserves the right to apply to this Court to reduce the amount of the *Ad Interim* Stipulation for Value and the limitation fund in accordance with final evaluations and applicable statutes.[1]

XIX.

Petitioner does not know the total amount of all claims that may potentially be made for loss, damage or destruction as a result of the alleged exposure to asbestos and/or asbestos-containing products in question, but it anticipates and believes that suits or claims, including, but not limited to, claims for defense and indemnity, will be asserted and prosecuted against it and the *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237 and/or EB 238* in amounts exceeding the total sum or sums for which Petitioner may be legally responsible or may be required to pay under the applicable statutes governing exoneration from or limitation of liability.

XX.

Based on information and belief, the following individuals and/or entities may assert claims and/or demands against Petitioner, including, but not limited to, claims for defense and indemnity, as a result of the aforementioned alleged exposure to asbestos and/or asbestos-containing products aboard the *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237 and/or EB 238*:

---

[1] *See Ad Interim* Stipulation for Value, attached hereto as Exhibit "A." It should be noted that the attached *Ad Interim* Stipulation for Value is a standard form that has been approved by the United States District Court for the Eastern District of Louisiana in *In re: CDM Resource Management, LLC*, 12-CV-822, Rec. Doc. No. 3 and 5.

1. Delores Martin, individually and on behalf of the Estate of Morris Martin;
2. Anthony Martin;
3. Alisa Martin Simmons;
4. Anco Insulations, Inc.;
5. The McCarty Corporation;
6. Nichols Construction Company and their officers and directors;
7. Turner Industries Group LLC and their officers and directors;
8. Jacobs Constructors, Inc. and their officers and directors;
9. Trinity Industries, Inc.;
10. Trinity Marine Products, Inc.; and
11. Port Allen Marine Services.[2]

XXI.

Petitioner further avers that the foregoing is true and correct and within the admiralty and maritime jurisdiction of this Honorable Court.

**WHEREFORE,** Petitioner prays that:

1. The Court accepts Petitioner's *Ad Interim* Stipulation for Value as security for all claims in this proceeding.

2. The Court, upon filing by Petitioner of the *Ad Interim* Stipulation for Value, as aforesaid, issue an injunction, restraining the filing, commencement and further prosecution in any Court of any and all suits, actions and legal proceedings of whatever nature or kind whatsoever against Petitioner, its insurers, and/or the *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237* and/or *EB 238*, whether in *personam*, by attachment, or *in rem*, including, but not limited to, the litigation entitled "*Delores Martin Individually and on Behalf of the Estate of Morris Martin, Anthony Martin, and Alisa Martin Simmons versus Exxon Mobil Corporation, Anco Insulations, Inc. et al*," bearing Docket No. 38787, and pending before the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, and additionally resolving the arrest or attachment of any property of Petitioner pursuant to any proceedings *in rem*, or by attachment for loss, damage and destruction resulting from the alleged exposure to asbestos and/or asbestos-containing products, except in the present proceeding, against Petitioner or any other person having or claiming to have an interest of any kind in the *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237* and/or *EB 238*. If any claimant who shall file its claim under oath shall file an exception controverting the value of the *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237* and/or *EB 238*, and their condition, as alleged herein, in the amount of the approved *Ad Interim*

---

[2] *See* List of Potential Claims/Claimants, attached hereto as Exhibit "B."

Stipulation for Value as aforesaid, that this Court shall cause due appraisal to be made of the value of the *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237* and/or *EB 238* and their pending freight, if any, at the termination of the voyages in question referred to herein and the value of Petitioner's value therein.[3]

3. And in the event said appraised value exceeds the limitation fund or the security filed with the Court, that this Honorable Court enter an Order for the payment by Petitioner into the Court of the value of Petitioner's interest therein, or for the giving of approved security of Petitioner in such amount, pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Federal Rules of Civil Procedure.

4. This Court adjudge that Petitioner is not liable to any extent whatsoever for any loss, damage or destruction, or for any claims whatsoever, arising from the consequences of the matters, happenings, and events stated in this Complaint, and exonerate Petitioner, its insurers, and the *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237* and *EB 238* from liability therefore.

5. In the alternative, and if this Court should adjudge that Petitioner is liable for any amount whatsoever, said liability shall be limited to the value of the amount of Petitioner's interest in the *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237* and/or *EB 238* and their pending freight, if any, at the termination of the voyages in question, as aforesaid, that the monies paid or ordered to be paid, as aforesaid, may be divided pro rata, amongst such claimants, as they prove their claims, saving to all parties the priority to which they may be entitled, and that a decree be entered, discharging Petitioner and its insurers from all other liabilities.

6. In the further alternative, said liability shall be limited to the value of the amount of Petitioner's interest in the *EB 220, EB 222, EB 224, EB 235, EB 236, EB 237* and/or *EB 238* and their pending freight, if any, at the termination of the voyages in question, if any, but no further.

7. After due proceedings had, there be judgment herein, in favor of Petitioner, Exxon Mobil Corporation, granting its exoneration from, or in the alternative, limitation of liability to the amounts claimed herein.

8. This Complaint be deemed good and sufficient.

9. That Petitioner have such other and further relief as may be just and proper.

---

[3] It should be noted that the attached Order is a standard form that has been approved by the United States District Court for the Eastern District of Louisiana in *In re: CDM Resource Management, LLC*, 12-CV-822, Rec. Doc. No. 5.

Respectfully submitted:

KEAN MILLER LLP

_____
GARY A. BEZET, T.A. (#3036)
ROBERT E. DILLE (#23037)
GREGORY M. ANDING (#23622)
SARAH K. WEISSMAN (#32763)
P. O. Box 3513
Baton Rouge, LA 70821
Telephone: (225) 387-0999

BRADLEY J. SCHLOTTERER (#24211)
SEAN T. MCLAUGHLIN (#31870)
First Bank & Trust Building, Suite 1400
909 Poydras Street
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051
COUNSEL FOR EXXON MOBIL CORPORATION